1  PETER A. STROTZ, BAR NO. 129904
   PStrotz@kslaw.com
2  JOHN R. LAWLESS, BAR NO. 223561
   JLawless@kslaw.com
3  CAMERON J. HOYLER, BAR NO. 273234
   CHoyler@kslaw.com
4  **KING & SPALDING LLP**
   333 S. Grand Avenue, Suite 4200
5  Los Angeles, California  90071
6  Telephone:   213.443.4355
   Facsimile:    213.443.4310
7
8  Attorneys for Defendant
   BRISTOL-MYERS SQUIBB COMPANY
9  MICHAEL ROOFIAN, BAR NO. 146787
   GENIE PARK CHOU, BAR NO. 259085
10 **MICHAEL ROOFIAN & ASSOCIATES, P.C.**
   11766 Wilshire Boulevard, 6th Floor
11 Los Angeles, CA 90025
12 JAMES ORLAND, BAR NO. 161937
   **ORLAND LAW GROUP**
13 1334 Parkview Ave., Suite 100
   Manhattan Beach, CA 90266
14
15 Attorneys for Plaintiff
   PETRA PENA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETRA PENA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.<br><br>Defendants. | Case No. 2:13-cv-01102-SVW-SP<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Stephen V. Wilson<br><br>Trial Date: October 1, 2013 |

Plaintiff Petra Pena ("Plaintiff") and Defendant Bristol-Myers Squibb Company ("BMS") (each a "Party" and hereinafter collectively, the "Parties") respectfully request that the Court enter the following Stipulated Protective Order ("Protective Order" or "Order"):

1. The Parties stipulate that this Protective Order will govern production of electronically stored information ("ESI") and hard copy documents (collectively "Document" or "Documents" as defined in the Protective Order) in the pending action, *Petra Pena v. Bristol-Myers Squibb Company, et al.*, Case No. 2:13-cv-01102-SVW-SP, including any appeal therefrom (the "Litigation").

2. As used in this Order, the terms "Confidential Discovery Material" and "Confidential Personal Information" mean Documents, materials, or portions thereof, and information contained therein, produced in the course of discovery during the Litigation that are designated "Confidential" pursuant to the terms of this Protective Order by any Party, person or original source of the document (the "Producing Party") to any other Party or person (the "Receiving Party") subject to this Protective Order.

3. "Document" as used herein shall be interpreted broadly to include hard copy or electronically stored information ("ESI") including but not limited to: discovery materials, writings, drawings, graphs, charts, photographs, sound recordings, images, audio-visual materials and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This Protective Order is applicable to all forms of discovery, including but not limited to deposition testimony, deposition exhibits, answers to interrogatories, Documents produced in response to requests for production, responses to requests for admission, medical records, and any Documents recorded on computer disks or removable storage media.

4. This Protective Order is binding upon the Parties, including their

respective attorneys, agents, experts, consultants, representatives, officers and employees and others as set forth in this Order.  This Order is also binding on any individual or entity who obtains any Document produced or disclosed in the Litigation pursuant to this Protective Order.

5.   The parties agree that Confidential Discovery Material and/or Confidential Personal Information will be used only for the Litigation.  Other than described herein, Confidential Discovery Material and/or Confidential Personal Information will not be used for any other purpose, including other litigation, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Order, or by determination of the Court.

6.   This Order is HIPAA-Compliant pursuant to 45 C.F.R. § 164.512 (e)(1)(v).  The parties agree that Confidential Discovery Material and/or Confidential Personal Information will be used only for the Litigation, including Documents that contain Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified in 45 C.F.R. §§ 160, 164.

7.   Any pleadings, discovery responses, statements, declarations, drafts, copies, photographs, depictions, excerpts, notes concerning or other information generated from an inspection of a Document that quotes, incorporates, reflects or otherwise includes, in whole or in part, Confidential Discovery Material and/or Confidential Personal Information shall be treated in the same manner as the Document bearing the designation.

8.   Any person subject to this Protective Order who receives any Confidential Discovery Material and/or Confidential Personal Information in the course of discovery in the Litigation shall not disclose such Confidential Discovery Material and/or Confidential Personal Information to anyone else except as

expressly permitted by this Protective Order.

9.  The Producing Party may designate as "Confidential" any Document that it in good faith believes constitutes information that is used by the Producing Party in, or pertaining to, its business that would not normally be disclosed to third parties or, if disclosed, would require third parties to maintain the information in confidence.  Information subject to a confidentiality designation may include, but is not limited to: medical records, employment records, post-marketing surveillance records which contain patient identifiers, records identifying research subjects, financial or business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, proprietary technical information and specifications, business and marketing information, plans, and strategies, studies or analyses by internal or outside experts, financial information or results, tax data, assets and liabilities, competitive analyses, personnel records and information, manufacturing practices, trade secrets, formulation or other proprietary research, development, or any other commercial, business or personally sensitive or proprietary information.

10. The Producing Party may designate a Document containing Confidential Discovery Material by stamping or otherwise clearly marking the Document "Confidential" in such a manner that will not interfere with legibility or audibility.

11. To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including, but not limited to: information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material")) is produced in such form, the Producing Party may designate the Electronic Discovery Material as "Confidential" by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file, or by stamping or marking the production media

containing the Documents as "Confidential."  Whenever a Party or other person receives Electronic Discovery Material subject to this Order and reduces the Electronic Discovery Material to hardcopy or image form, that Party shall mark the hardcopy or image form with the appropriate confidentiality designation.

12. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded under this Protective Order.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the final transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 30-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential Discovery Material or Confidential Personal Information shall be taken only in the presence of persons who have agreed to be bound by this Order and who have executed the attached Acknowledgement of Stipulated Protective Order.

13. Documents produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production.  During this period any party may designate such Documents as Confidential pursuant to the terms of this Order.  Any Party designating third party information as Confidential shall have the same rights as a Producing Party under this Order with respect to such information.

14. Confidential information includes information that would identify patients and persons associated with reporting adverse events involving human drugs (excluding Plaintiff), and research subjects.  *See* 21 C.F.R. §§ 20.63, 20.113, 45 C.F.R. §§ 160, 164.  BMS shall not be compelled to disclose this identifying information and may redact this identifying information from discovery material before production; provided, however, that BMS shall maintain an un-redacted copy of such discovery material for any further review by the Court.

15. Pursuant to 45 C.F.R. § 164.512 (e)(1)(v), the Parties may exchange and use for lawful purposes, including motions and trial, Documents containing protected information on the following conditions: (1) that the parties are strictly prohibited from using or disclosing the records for any purpose other than the Litigation; and (2) at the conclusion of the Litigation, or upon the expiration of the period during which an appeal may be sought, whichever comes later, each party will return the records received from the other or destroy the records received from the other, including any and all copies in their possession, and certify its compliance with this paragraph. Information disclosing the identity of any patients and/or voluntary reporters that are not redacted pursuant to Paragraph 14 shall be treated as Confidential Discovery Material, regardless of whether the Document containing such names is designated as Confidential Discovery Material or Confidential Personal Information. The person(s) identified in such records shall not be contacted, either directly or indirectly, based on information so disclosed without the express written permission of the Producing Party, or by order of Court.

16. If at any time a Party realizes that previously undesignated Documents should be designated as Confidential Discovery Material and/or Confidential Personal Information, the Party may so designate by advising all other Parties in writing. The designated Documents will thereafter be treated as Confidential Discovery Material and/or Confidential Personal Information pursuant to this Protective Order. Upon receipt of such designation in writing, each Party shall take reasonable and appropriate action to notify any and all persons to whom the Party provided the Documents of the protected status of the newly designated Confidential Discovery Material and/or Confidential Personal Information, and to retrieve same from any person to whom the Party has provided it who is not permitted by this Protective Order to be in possession of such information.

17. The terms of this Order shall in no way affect the right of any person

(a) to withhold or redact information on the alleged grounds of immunity from discovery such as, for example, attorney-client privilege, work product or privacy rights of such third parties as patients, physicians, clinical investigators, or reporters of claimed adverse reactions; or (b) to withhold or redact information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

18.   Inadvertent production or other disclosure of Documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production (this process shall be referred to as the "claw back" procedure).  Upon notification, the Receiving Party shall immediately return, sequester or destroy the inadvertently-produced Document and all copies as well as notes and work product reflecting the contents of such materials.  The Producing Party shall immediately update its privilege log to include the inadvertently produced Document(s), and will produce a replacement production for the clawed back Document(s) as well as updated privilege log information for the Document(s) within seven (7) days of the date they notified the Receiving Party of the inadvertent Production.  If only a portion of the Document is privileged, the Producing Party shall provide a new version of the Document in which the privileged information has been redacted. No further use or disclosures shall be made of the inadvertently-produced Document(s), and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Document(s), and all copies, from any person to whom the Receiving Party has provided it, until the claim, if any, is resolved.  Any Party who objects to the Producing Party's claim of privilege shall serve upon counsel for interested Parties a written notice stating with particularity all good faith litigation driven reasons for the objection.  The Parties shall make good faith efforts to

resolve any dispute with opposing counsel, including meeting and conferring with counsel for the Producing Party, regarding the designation of any inadvertently produced Document(s).  If agreement cannot be reached, the dispute will be submitted to the Court.  Upon agreement of the Parties or order of the Court that the Documents are in fact protected, the Receiving and/or challenging Party shall immediately return or destroy the inadvertently produced Documents, any copies from any litigation support or other database, and any notes or work product reflecting the contents of such materials.  The Parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil Procedure and Federal Rules of Evidence 501 and 502.  Failure to assert privilege in the Litigation as to one Document shall not be deemed to constitute a waiver of the privilege of any other Document allegedly so protected, even involving the same subject matter.  Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

19. No person subject to this Protective Order other than the Producing Party shall disclose any Confidential Discovery Material or Confidential Personal Information to any other person, except as follows:

   i. Counsel of record for the parties in the Litigation, including any paralegal, clerical, and other staff employed by counsel for work on the Litigation;

   ii. Where produced by Plaintiff, in addition to the persons described in subsection (i) of this section, BMS's in-house counsel, paralegals and outside counsel, including any attorneys employed by or retained by BMS's outside counsel who are assisting in connection with this Litigation, and the paralegal, clerical, and other staff employed or retained by BMS's outside counsel;

    iii. Employees of outside counsel or third-party vendors involved solely in one or more aspects of reviewing, organizing, filing, coding, converting, storing or retrieving Documents or designating programs for handling Documents connected with the Litigation, including the performance of such duties in relation to a computerized litigation support system;

    iv. With respect to a specific Document, the Document's author, addressees, and any other person shown on the face of the Document as having received a copy;

    v. Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in the Litigation, provided such person has first executed the Acknowledgement of Stipulated Protective Order; provided, however, that if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged or in the future may be engaged in the research, development, manufacture or sale of any product that competes with or is similar to any products researched, developed, manufactured or sold by the Producing Party, the Party seeking the testimony must first comply with Paragraph 21 below, and receive written consent of counsel for the Producing Party, or obtain an order from the Court permitting the disclosure to said witness;

    vi. Outside consultants, outside experts, or other persons providing advice to counsel (including mock juries), who have been retained for the purpose of assisting counsel in the Litigation, provided such persons have first executed the attached Acknowledgement of Stipulated Protective Order;

    vii. Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

      viii. Official court reporters; and

      ix. The Court, mediators, and support personnel.

20. Prior to any disclosure of Confidential Discovery Material or Confidential Personal Information, to any person referred to in subparagraphs (v) or (vi) of Paragraph 19 above, the person shall be provided by counsel with a copy of this Protective Order and shall sign the Acknowledgement of Stipulated Protective Order attached as Exhibit 1 hereto (the "Acknowledgement"). The Acknowledgement states that the person agrees to be bound by the terms of the Protective Order. All Acknowledgements will be maintained throughout the Litigation by the attorneys obtaining them. At the conclusion of the Litigation, upon a showing of good cause and necessity, any Party may seek an order requiring production of the Acknowledgements, but nothing in this Protective Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

21. Except as set forth in this paragraph, Plaintiff may not provide Confidential Discovery Material and/or Confidential Personal Information produced by BMS to anyone who is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged or is planning to engage in the research development, distribution, manufacture or sale of any product that competes with or is in the same therapeutic class with any product researched, developed, manufactured or sold by BMS. Plaintiff may object to this provision in writing, stating the grounds and serving a copy of such objection on all parties. The Parties will meet and confer in good faith to resolve the objection if possible. If the objection cannot be resolved, the Court shall resolve the issue.

22. Nothing in this Order shall be deemed to preclude BMS from disclosing to the Food and Drug Administration, or any other regulatory authority, Confidential Discovery Material or Confidential Personal Information, or

information gleaned from Confidential Discovery Material of Confidential Personal Information, as may be required by statute or regulation.

23.     Any Party objecting to any "Confidential," or "Personal Information" designation may, at any time prior to the close of discovery in this action serve upon counsel for interested parties a written notice stating with particularity all good faith litigation driven reasons for the objection.  The Parties shall make good faith efforts to resolve any dispute with opposing counsel, including meeting and conferring with counsel for the Producing Party regarding the designation of individual Documents.  If agreement cannot be reached, the dispute will be submitted to the Court, and the Party seeking to challenge the designation shall bear the burden of demonstrating that the challenge is made in good faith and is litigation driven.  Pending resolution of the dispute by the Court, the material designated as "Confidential," or "Personal Information" shall remain so designated pursuant to this Protective Order.

24.     If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Material and/or Confidential Personal Information, which any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed shall immediately notify the Producing Party in writing of the following: (1) the discovery materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number, or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued.  The subpoenaed party or person shall not produce Confidential Discovery Material or Confidential Personal Information prior to providing the Producing Party written notice of the request and confirming receipt

of same, at which time the Producing Party bears the burden (and all costs) of opposing the subpoena or other notice as it deems appropriate.  The party receiving the subpoena or other notice shall cooperate with the Producing Party in any proceeding relating thereto.

25. Documents that have been designated as "Confidential" or "Personal Information" pursuant to the provisions of this Order and that are filed with the Court and Documents containing Confidential Discovery Material or Confidential Personal Information that are referenced in a filed document shall be filed under seal in accordance with Local Rule 79-5.

26. The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after final conclusion of the Litigation, or such other time as the Producing Party may agree in writing, counsel shall, at their option, return or destroy all Documents and Electronically Stored Media designated as containing Confidential Discovery Material and/or Confidential Personal Information, and all copies thereof.  If counsel elects to destroy Confidential Discovery Material and/or Confidential Personal Information, they shall consult with counsel for the Producing Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction.  Each Party shall certify, in writing, as to such return or destruction of the Confidential Discovery Material and/or Confidential Personal Information within the 30-day period.  The Parties shall petition the Court to order the Clerk to return any Confidential Discovery Material and/or Confidential Personal Information filed under seal.  Outside counsel, however, shall not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Discovery Material and/or Confidential Personal Information in conformity with this Order, and which include: privileged communications, work product, signed copies of the Acknowledgement of Stipulated Protective Order,

and all court filed documents even though they contain Confidential Discovery Material and/or Confidential Personal Information, but such Documents shall remain subject to the terms of this Protective Order.

27. The Court shall retain jurisdiction over all persons and parties subject to this Protective Order to the extent necessary to modify this Protective Order, enforce its obligations, or to impose sanctions for any violation.

28. Additional parties may be added to the Litigation as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material or Confidential Personal Information, a new party to the Litigation and its agents must agree to be bound by the terms of this Protective Order as if the party had stipulated to it at the time of entry, at which time the party shall be considered a "Party" to this Protective Order. No newly-added party to the Litigation or its agents shall have access to Confidential Discovery Material or Confidential Personal Information until the newly-added party to the Litigation, its counsel and agents are subject to the terms of this Protective Order.

29. This Protective Order shall not apply to, or restrict, Confidential Discovery Material or Confidential Personal Information used at the time of trial as evidence. Protection of Confidential Discovery Material and/or Confidential Personal Information at trial may be addressed by the Court as a separate matter upon the motion of any party. The provisions of this Protective Order shall not prejudice the rights of the Parties with respect to the use or protection of Confidential Discovery Material or Confidential Personal Information at trial.

30. Nothing in this Protective Order shall preclude a Party from using or disclosing its own Confidential Discovery Material or Confidential Personal Information in any manner it sees fit, without the prior consent of any other Party and without waiving its confidentiality status under this Protective Order.

31. Each person who has access to Confidential Discovery Material and/or Confidential Personal Information shall take all due precautions to prevent

the unauthorized or inadvertent disclosure of the material.

32. A Party who learns of an unauthorized disclosure of Confidential Discovery Material and/or Confidential Personal Information by it or by any person to whom the Party has disclosed such information pursuant to this Protective Order shall immediately (a) issue written notice of the unauthorized disclosure to the Producing Party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material and/or Confidential Personal Information subject to unauthorized disclosure; (c) inform all persons to whom unauthorized disclosure was made of the terms of this Protective Order; and (d) use best efforts to secure an Acknowledgement of Stipulated Protective Order from all persons to whom the unauthorized disclosure was made.

33. The parties may agree, in writing, to alter this Stipulated Protective Order as it pertains to discovery and trial preparation without court approval.

**IT IS SO STIPULATED.**

DATED: April 18, 2013

**KING & SPALDING LLP**
By:  */s/ Peter A. Strotz*
PETER A. STROTZ
WILLIAM E. STEIMLE
JOHN R. LAWLESS

Attorneys for BRISTOL-MYERS SQUIBB COMPANY

DATED: April 11, 2013

**MICHAEL ROOFIAN & ASSOCIATES, P.C.**

By:  */s/ Genie Park Chou*
MICHAEL ROOFIAN
GENIE PARK CHOU

Attorneys for PLAINTIFF

DATED: April 11, 2013

**ORLAND LAW GROUP**

By: ____*/s/ James Orland*_____
 JAMES ORLAND

Attorneys for PLAINTIFF

**IT IS SO ORDERED.**

DATED: April 22, 2013

By: _____/s/ Sheri Pym_____
 HON. SHERI PYM

18
STIPULATED PROTECTIVE ORDER   Case No. 2:13-cv-01102-SVW-SP

# EXHIBIT 1

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that I have received and understand the Stipulated Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential ("Confidential Discovery Material"), and/or as Personal Information or Sensitive Personal Information ("Confidential Personal Information") or contain individually identifiable health information.  I agree that I will not disclose such Confidential Discovery Material and/or Confidential Personal Information to anyone other than for purposes of this action and that at the conclusion of the action I will return all such Confidential Discovery Material and/or Confidential Personal Information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the State of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated this _____ day of _____, 201__.


By:_____

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Bristol-Myers Squibb Company hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (electronic case filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on the 18th day of April, 2013.

*/s/ Cameron J. Hoyler*